**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| ANDERSON POLEON, DAVID STEVENS, AKEEM NEWTON, and JEROME ASHE, <br><br>          Plaintiffs, <br>     v. <br><br>GENERAL MOTORS CORPORATION, <br><br>          Defendant. | 1999-CV-0127 |

TO:   K. Glenda Cameron, Esq.
      Sunshine S. Benoit, Esq.

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO SUBMIT THEMSELVES TO A SECOND DEPOSITION

THIS MATTER is before the Court upon the Joint Stipulation Regarding Defendant's Motion to Compel Plaintiffs to Submit Themselves to a Second Deposition (Docket No. 532).

Defendant moves for the Court to compel Plaintiffs to submit themselves to a second deposition. Second depositions are governed by Federal Rule of Civil Procedure 30(a)(2)(B), which states, "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written

*Poleon v. General Motors Corp.*
1999-CV-0127
Order Granting Defendant's Motion to Compel Plaintiffs to Submit Themselves to a Second Deposition
Page 2

stipulation of the parties, the person to be examined already has been deposed in the case."

Fed. R. Civ. P. 30(a)(2)(B). Rule 26(b)(2) provides, in relevant part, that discovery:

> shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

The Court determines that: (i) the discovery sought is *not* unreasonably cumulative or obtainable from some other, more convenient source; (ii) the Defendant has *not* had ample opportunity to obtain the information sought; and (iii) the burden or expense of the proposed discovery does *not* outweigh its likely benefit. Therefore, the Court will grant Defendant's motion to compel Plaintiffs to submit themselves to a second deposition. At the same time, the Court will restrict the said depositions to any new areas of inquiry; Defendant will not be allowed to re-visit any topics covered in the previous depositions.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion to Compel Plaintiffs to Submit Themselves to a Second Deposition (Docket No. 532) is **GRANTED**.

*Poleon v. General Motors Corp.*
1999-CV-0127
Order Granting Defendant's Motion to Compel Plaintiffs to Submit Themselves to a Second Deposition
Page 3

2.   The scope of said depositions shall be limited to matters that have developed since Plaintiffs' last depositions, such as their current health condition and employment status; whether they have been involved in any subsequent accidents; and the status of their mental anguish, pain and suffering, and loss of enjoyment of life. Any questioning or attempts to obtain information that correlates to, is duplicative of, or otherwise parallels the testimony given in the previous depositions is not permitted.

3.   Said depositions shall be completed on or before **July 31, 2007**.

ENTER:

Dated: June 18, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE