DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

ANDERSON POLEON, DAVID STEVENS,
AKEEM NEWTON, and JEROME ASHE,

                  Plaintiffs,              1999-CV-0127

v.

GENERAL MOTORS CORPORATION,

                  Defendant.

TO:    K. Glenda Cameron, Esq.
         Sunshine S. Benoit, Esq.

### ORDER GRANTING DEFENDANT GENERAL MOTORS CORPORATION'S MOTION TO RECONSIDER MOTION FOR SEPARATE TRIALS

THIS MATTER is before the Court upon Defendant General Motors Corporation's Motion to Reconsider Motion for Separate Trials (Docket No. 492). Since the Court denied the original motion for separate trials orally and without prejudice, the Court will treat this motion as a renewed motion for separate trials and review the arguments de novo. Defendant has requested that the Court divide the three collisions into three separate trials, pursuant to Federal Rule of Civil Procedure 42(b).

Under Rule 42(b), this Court has discretion to grant or deny a motion for separate trials. *See, e.g., Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) ("[u]nder Rule

*Poleon, et al. v. GMC*
1999-CV-0127
Order Granting Defendant's Motion to Reconsider Motion for Separate Trials
Page 2

42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management" (internal citation omitted)).

Rule 42(b) provides, in relevant part, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . ." Fed. R. Civ. P. 42(b). The Court need only determine, in its discretion, that separate trials will either (1) avoid prejudice, or (2) be conducive to expedition and economy. *See Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Pa. 1985) ("[o]nly one of Rule 42(b)'s conditions has to be met for the court to order a separate trial" (quoting 5 *Moore's Federal Practice* ¶ 42.03[1] at 42-36 (1985))).

In *Anderson v. Consolidated Rail Corp.*, the defendant moved, after the conclusion of consolidated discovery, for separate trials for each of the fourteen plaintiffs. No. 98-6043, 2000 WL 1201456 (E.D. Pa. Aug. 10, 2000). Although the fourteen plaintiffs all had sued under the same theories of liability, the court found that each of the fourteen plaintiffs' claims relied on particularized facts. The court determined that separate trials would "avoid needless confusion of issues and claims before the jury and the danger that the jury will improperly consider evidence admissible as to one or more plaintiffs but not as to others." *Anderson*, at *2. The court in *Weir v. Litton Bionetics, Inc.,* came to a similar

*Poleon, et al. v. GMC*
1999-CV-0127
Order Granting Defendant's Motion to Reconsider Motion for Separate Trials
Page 3

conclusion. No. H-85-2545, 1986 WL 11608 (D. Md. May 29, 1986). In *Weir*, the court found that "[a]lthough both plaintiffs rely on the same legal theories, the facts that pertain to the claim of each are quite different." *Weir*, at *6. The court then concluded that "in view of the different facts which are pertinent to each of these two claims, defendant would suffer prejudice if the claims were tried together." *Id.*

The present case is similar to those in *Anderson* and *Weir* in that the three collisions of the four Plaintiffs involve unique facts and claims, and the threats of confusing the jury or prejudicing the jury against Defendant can be avoided by separate trials. Although Plaintiffs all bring product liability claims against Defendant, the specific claims and the facts of each of the three collisions are particular to those collisions. In the 1998 collision involving Plaintiff Akeem Newton, the collision involved a single vehicle, and Plaintiff Newton's claim primarily concerns an alleged manufacturing defect of the anti-lock braking system. In the 1999 collision involving Plaintiffs Anderson Poleon and David Stevens, the collision involved two vehicles, and Plaintiffs Poleon and Stevens's claim primarily concerns an alleged design defect of the Sensing and Diagnostic Module. In the 2000 collision involving Plaintiffs Jerome Ashe and Akeem Newton, the collision involved three vehicles, and Plaintiffs Ashe and Newton's claim primarily concerns an alleged manufacturing defect of the air bags and the seat belts. The three collisions concern

*Poleon, et al. v. GMC*
1999-CV-0127
Order Granting Defendant's Motion to Reconsider Motion for Separate Trials
Page 4

different facts, such as the year of occurrence, location, driver, vehicle, number of vehicles, and different legal theories of liaiblity, such as design defects and manufacturing defects.

The Court has determined, here, that separate trials will avoid potential prejudice or confusion by the jury. Thus, separate trials will fulfill the goals and requirements of Rule 42(b).

Accordingly, it is now hereby **ORDERED**:

1. Defendant General Motors Corporation's Motion to Reconsider Motion for Separate Trials (Docket No. 492) is **GRANTED**.

2. Separate trials will be conducted as to each of the three collisions, one trial for the 1998 collision involving Plaintiff Akeem Newton, one trial for the 1999 collision involving Plaintiffs Anderson Poleon and David Stevens, and one trial for the 2000 collision involving Plaintiffs Jerome Ashe and Akeem Newton.

ENTER:

Dated: June 21, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE